IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARA INTERNATIONAL FURNITURE, LLC, )
)
Plaintiff, )
)
v. ) No. 05 C 6036
)
VILLAGE OF HANOVER PARK, )
IRWIN BOCK, SHERRY CRAIG, )
F/N/U MITVITT, and )
JOHN DOES 1-10 )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiff Mara International Furniture, LLC alleges that defendant Village of Hanover Park discriminated against it because of the religion, ethnicity, and national origin of the family that operates plaintiff's business operations, a retail furniture store. Members of the Zayed Family who managed and operated Mara Furniture are Muslim Arabs, born in Egypt. Also named as defendants are Village President Irwin Bock,[1] Village Clerk Sherry Craig, and Police Officer

---

[1]Defendants suggest on the record that Bock is deceased, having died on March 6, 2006. Plaintiff concedes that Bock himself should be dismissed, but request information so that the appropriate representative may be substituted. Since the claims are otherwise being dismissed, the claims against Bock will be dismissed without prejudice. See Fed. R. Civ. P. 25(a)(1).

Mitvitt. Defendants allegedly harassed plaintiff, its employees, and customers, resulting in Mara Furniture being driven out of business. In addition to abusing employees and customers, the harassment included denying, revoking, and delaying business licenses. Plaintiff's claims are pursuant to 42 U.S.C. § 1983. It is undisputed that plaintiff, a limited liability corporation, was dissolved on October 28, 2004. Defendants have moved to dismiss the complaint, raising various grounds.

On a Rule 12(b)(6) motion to dismiss, a plaintiff's well-pleaded allegations of fact are taken as true and all reasonable inferences are drawn in the plaintiff's favor. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993); Dixon v. Page, 291 F.3d 485, 486 (7th Cir. 2002); Stachon v. United Consumers Club, Inc., 229 F.3d 673, 675 (7th Cir. 2000). A complaint need not set forth all relevant facts or recite the law; all that is required is a short and plain statement showing that the party is entitled to relief. Fed. R. Civ. P. 8(a)(2); Boim v. Ouranic Literacy Institute, 291 F.3d 1000, 1008 (7th Cir. 2002); Anderson v. Simon, 217 F.3d 472, 474 (7th Cir. 2000), cert. denied, 531 U.S. 1073 (2001);

Scott v. City of Chicago, 195 F.3d 950, 951 (7th Cir. 1999). A plaintiff in a suit in federal court need not plead facts; conclusions may be pleaded as long as the defendants have at least minimal notice of the claim. Fed. R. Civ. P. 8(a)(2); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002); Scott, 195 F.3d at 951; Albiero v. City of Kankakee, 122 F.3d 417, 419 (7th Cir. 1997); Jackson v. Marion County, 66 F.3d 151, 153-54 (7th Cir. 1995). Even if not required to plead specific facts, a plaintiff can plead itself out of court by alleging facts showing there is no viable claim. See Slaney v. The International Amateur Athletic Federation, 244 F.3d 580, 597 (7th Cir.), cert. denied, 534 U.S. 828 (2001); Kauthar SDN BHD v. Sternberg, 149 F.3d 659, 669-70 n.14 (7th Cir. 1998), cert. denied, 525 U.S. 1114, (1999); Jackson, 66 F.3d at 153-54. Although the statute of limitations is an affirmative defense that ordinarily cannot be raised on a motion to dismiss, it can be resolved on a motion to dismiss if the necessary facts are properly before the court. See Alvarado v. Litscher, 267 F.3d 648, 651-52 (7th Cir. 2001); Jackson, 66 F.3d at 153-54; Tregenza v. Great American Communications Co., 12 F.3d 717, 718 (7th Cir. 1993), cert. denied, 511 U.S. 1085 (1994);

Early v. Bankers Life & Casualty Co., 959 F.2d 75, 79 (7th Cir. 1992). Ordinarily, as long as they are consistent with the allegations of the complaint, a plaintiff may assert additional facts in his or her response to a motion to dismiss. Brokaw v. Mercer County, 235 F.3d 1000, 1006 (7th Cir. 2000); Forseth v. Village of Sussex, 199 F.3d 363, 368 (7th Cir. 2000); Albiero, 122 F.3d at 419; Gutierrez v. Peters, 111 F.3d 1364, 1367 n.2 (7th Cir. 1997). Also, on a Rule 12(b)(6) motion, the court may consider judicially noticed facts, including by taking judicial notice of pleadings and orders in other litigation. 4901 Corp. v. Town of Cicero, 220 F.3d 522, 527 n.4 (7th Cir. 2000); Brown v. Chrysler Financial Services, 2006 WL 850881 *2-3 (N.D. Ill. March 24, 2006). In the complaint itself, it is unnecessary to specifically identify the legal basis for a claim as long as the facts alleged would support relief. Forseth, 199 F.3d at 368; Scott, 195 F.3d at 951; Albiero, 122 F.3d at 419; Bartholet v. Reishauer A.G. (Zurich), 953 F.2d 1073, 1078 (7th Cir. 1992). A plaintiff is not bound by legal characterizations of the claims contained in the complaint. Forseth, 199 F.3d at 368; Kirksey v. R.J. Reynolds Tobacco Co., 168 F.3d 1039, 1041 (7th Cir. 1999).

However, in response to a motion to dismiss that raises the issue, the plaintiff must identify a legal basis for a claim and make adequate legal arguments in support of it. Kirksey, 168 F.3d at 1041-42; Stransky v. Cummins Engine Co., 51 F.3d 1329, 1335 (7th Cir. 1995); Levin v. Childers, 101 F.3d 44, 46 (6th Cir. 1996); Gilmore v. Southwestern Bell Mobile Systems, L.L.C., 224 F. Supp. 2d 1172, 1175 (N.D. Ill. 2002).

Defendants raise three grounds for dismissal. They contend that (a) the claims are barred by the two-year statute of limitations for § 1983; (b) the claims are barred by res judicata or collateral estoppel based on a prior state court lawsuit concerning the same subject matter; and (c) based on the state court lawsuit, the Rooker-Feldman doctrine precludes the exercise of jurisdiction over the case. Because the Rooker-Feldman doctrine goes to subject matter jurisdiction, Lance v. Dennis, 126 S. Ct. 1198, 1200-01 (2006); Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284-85 (2005); Lewis v. Anderson, 308 F.3d 768, 771 (7th Cir. 2002), cert. denied, 538 U.S. 908 (2003), that issue will be addressed first even though defendants' contentions on the issue are lacking in merit.

Since the issue is jurisdictional, this aspect of the motion to dismiss is under Fed. R. Civ. P. 12(b)(1) and the court could resolve factual disputes if necessary. See O'Connor v. Local 881 United Food & Commercial Workers, 393 F. Supp. 2d 649, 652 (N.D. Ill. 2005).

As the Supreme Court has stated twice in recent cases: "The Rooker-Feldman doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. Rooker-Feldman does not otherwise override or supplant preclusion doctrine or augment the circumscribed doctrines that allow federal courts to stay or dismiss proceedings in deference to state-court actions." Exxon Mobil, 544 U.S. at 284. See also Lance, 126 S. Ct. at 1199.

In state court, Mara International and Moustafa Zayed (alleged in that case to be an owner and manager of Mara International) brought an action against Hanover Park and Bock seeking a declaration that Mara International was not required to have a business license in order to operate its

furniture store. It was also requested that Hanover Park be enjoined from revoking or denying a business license for Mara International. The claims were pursuant to state law. Only injunctive relief was requested, no damages. In October 2003, a request for a temporary restraining order was denied. In May 2004, the case was dismissed for want of prosecution. Rooker-Feldman can only apply if the injury complained of in the present case resulted from an order in the prior case. The injuries alleged in the present case, however, all occurred prior to any order in the prior case. This is not a situation where Rooker-Feldman applies. At most, there is a question of the application of res judicata or collateral estoppel. This court has jurisdiction over the present proceeding.

Defendants contend the claims are barred by the statute of limitations. Plaintiff does not object to this issue being raised on a motion to dismiss. In supporting its argument that its claims are timely, plaintiff asserts additional factual details that are generally consistent with the Complaint's allegations, but stated in greater detail. Based on the factual contentions of plaintiff, the statute of limitation issue will be considered.

The Complaint in this action was filed on October 19, 2005. Claims brought under § 1983 borrow the statute of limitations period for personal injury claims of the state where the injury occurred. Brademas v. Indiana Housing Finance Authority, 354 F.3d 681, 685 (7th Cir. 2004). In Illinois, that is two years. Johnson v. Rivera, 272 F.3d 519, 521 (7th Cir. 2001). Also borrowed are any state tolling, revival, repose, or other similar doctrines applicable to the borrowed statute of limitations. Id. (quoting Smith v. City of Chicago Heights, 951 F.2d 834, 839-40 (7th Cir. 1992)); Moore v. City of Chicago, 2006 WL 452428 *2 (N.D. Ill. Feb. 21, 2006). Also, under the Federal Rules of Civil Procedure, the laws of the state of incorporation determine a corporation's capacity to sue.[2] See Fed. R. Civ. P. 17(b). Unless an applicable federal statute is to the contrary, state law controls as to the effect of dissolution upon a corporation's ability to sue or be sued. Citizens Electric Corp. v. Bituminous Fire &

---

[2]Lack of capacity to sue is a nonjurisdictional issue that can be waived if not properly raised. Wagner Furniture Interiors, Inc. v. Kemner's Georgetown Manor, Inc., 929 F.2d 343, 345-46 (7th Cir. 1991); E.R. Squibb & Sons, Inc. v. Accident & Casualty Insurance Co., 160 F.3d 925, 936 (2d Cir. 1998); Bankston v. Burch, 27 F.3d 164, 167 (5th Cir. 1994).

Marine Insurance Co., 68 F.3d 1016, 1019 (7th Cir. 1995). Since § 1983 has no specific provision to the contrary, 805 ILCS 5/12.80 applies to claims brought by plaintiff, a dissolved limited liability corporation. See Citizens Electric, 68 F.3d at 1019-20.

In its Complaint, plaintiff generally alleges that Hanover Park had a policy of and/or practice of discriminating against plaintiff that existed "[b]eginning in or about September 2002, and continuing at least through October 2003." Complaint ¶ 11. Actions that are alleged to have occurred at a particular time range from posting notices closing Mara Furniture in September 2002, id. ¶ 11(a), to shutting down Mara Furniture in February 2003, id. ¶ 11(f). It is also alleged that there was subsequent interference with Mara Furniture's attempt to liquidate its assets. Id. ¶¶ 12-14. According to the allegation in ¶ 11 of the Complaint, that would have occurred until October 2003 at the latest. In response to the motion to dismiss, plaintiff again alleges that the discriminatory conduct began in September 2002. It alleges the business was shut down by Hanover Park Police in February 2003 and that attempts to obtain a business license were denied as late

as May 5, 2003. It is specifically alleged in response to the motion to dismiss that, in September 2003, Mara Furniture sought to renew its going out of business license and Hanover Park denied that request on September 30, 2003. Pl. Answer Br. at 2. The only subsequent events mentioned in the answer brief are the October 19, 2003 denial of a temporary restraining order in the state case, the dismissal of that case in May 2004, and the dissolution of plaintiff on October 28, 2004. Plaintiff expressly concedes that any discriminatory conduct occurred between September 2002 and September 30, 2003. Id. at 4.

September 30, 2003 is more than two years prior to the filing of the present action on October 19, 2005. Plaintiff, however, relies on the Illinois Corporate Survival Statute. That statute provides in part: "The dissolution of a corporation . . . shall not take away nor impair any civil remedy available to or against such corporation, its directors, or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within five years after the date of such

dissolution. Any such action or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name." 805 ILCS 5/12.80. Plaintiff contends that its claims accrued in September 2003, but certainly no earlier than when it went out of business in February 2003, and therefore the two-year period for bringing the claims had not expired when the corporation was dissolved in October 2004. Since the claims were still existing in October 2004,[3] plaintiff contends § 12.80 permits it to bring such claims any time within five years after the corporation was dissolved.

Plaintiff misreads § 12.80. That statute is not a statute of limitations, nor a tolling statute or statute of repose. Instead, it is a survival statute. Citizens Electric, 68 F.3d at 1020; Kleinwort Benson North America, Inc. v. Quantum Financial Services, Inc., 181 Ill. 2d 214, 692 N.E.2d 269, 273 (1998); Greenfield v. Ray Stamm, Inc., 242 Ill. App. 3d 320, 610 N.E.2d 118, 124 (2d Dist.), appeal denied, 152 Ill. 2d 558, 622 N.E.2d 1205 (1993);

---

[3] Even if some aspect of the claims accrued in September and October 2002, at least some aspect of plaintiff's claims accrued after October 2002 and therefore were still available in October 2004.

Blankenship v. Demmler Manufacturing Co., 89 Ill. App. 3d 569, 411 N.E.2d 1153, 1156 (1st Dist. 1980); Poliquin v. Sapp, 72 Ill. App. 3d 477, 390 N.E.2d 974, 978 (4th Dist. 1979). The statute replaces the common law rule that all claims by or against a corporation abate on its dissolution. Canadian Ace Brewing Co. v. Joseph Schlitz Brewing Co., 629 F.2d 1183, 1185 (7th Cir. 1980); Kleinwort, 692 N.E.2d at 273; Poliquin, 390 N.E.2d at 978. The statute does not extend the time to file suit; it merely permits timely claims to be brought after the corporation has been dissolved as long as the five-year period under § 12.80 has not expired. In other words, two time limitations must be satisfied. The claim must be brought both (a) within the applicable statute of limitations (in this case two years from accrual, which was no later than September 30, 2005) and (b) within five years after dissolution (in this case, no later than October 28, 2009). A personal injury claim that is still available when a corporation is dissolved still must be brought within two years of accrual, not simply within five years of dissolution of the corporation. Greenfield, 610 N.E.2d at 123-24; 8 Charles W. Murdock, Illinois Practice: Business Organizations § 18.6 (2006).

Since plaintiff did not bring the present claims until more than two years after the latest possible accrual date, its claims are untimely. The motion to dismiss will be granted. No opinion is expressed as to whether the claims would also be barred by <u>res judicata</u> or collateral estoppel.

IT IS THEREFORE ORDERED that defendants' motion to dismiss [23] is granted. The Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiff dismissing plaintiff's cause of action with prejudice except that the claims against defendant Irwin Bock, who is deceased, are dismissed without prejudice.

ENTER:

/s/ William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: JUNE 1, 2006