IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARA INTERNATIONAL FURNITURE, LLC, )
)
       Plaintiff, )
)
v. ) No. 05 C 6036
)
VILLAGE OF HANOVER PARK, )
IRWIN BOCK, SHERRY CRAIG, )
F/N/U MITVITT, and )
JOHN DOES 1-10 )
)
       Defendants. )

## **MEMORANDUM OPINION AND ORDER**

    Defendants' motion to dismiss the original complaint was previously granted on the ground that plaintiff had pleaded itself out of court by alleging facts showing that its claims were untimely. See Mara International Furniture, LLC v. Village of Hanover Park, 2006 WL 1543912 (N.D. Ill. June 1, 2006). Judgment dismissing the action was entered on June 2, 2006. On June 15, 2006, plaintiff timely filed a Rule 59(e) motion to vacate the judgment and permit it to file an amended complaint. Plaintiff contends it now

realizes that there was an additional unconstitutional act that occurred just less than two years before it filed its original complaint. Defendants oppose the motion.

Whether to vacate a judgment and allow an amendment is a discretionary decision. See Rodriguez v. United States, 286 F.3d 972, 980 (7th Cir.), cert. denied, 537 U.S. 938 (2002); Bethany Pharmacal Co. v. QVC, Inc., 241 F.3d 854, 861 (7th Cir. 2001). It is within this court's discretion to follow a practice of entering a judgment on the merits following the grant of a motion to dismiss and then consider the merits of a proposed amended complaint if the party thereafter files a timely motion pursuant to Fed. R. Civ. P. 59(e). See Higginbotham v. Baxter International, Inc., 2005 WL 2368795 *1 (N.D. Ill. Sept. 23, 2005). Prior to dismissal of the original complaint, the timeliness of plaintiff's lawsuit was already at issue with the date of the last act of misconduct being an important consideration. Thus, plaintiff's diligence in raising newly alleged acts of misconduct may be questioned. However, the date of the last act of misconduct was not the only pertinent consideration; there were related legal disputes as well. It is also

considered that plaintiff is a family business with multiple managers and the apparent breakdown was not simply plaintiff's failure to recall the newly alleged event, but the failure of the particular family member to communicate that information to plaintiff's newly retained attorney. There is no basis for finding that plaintiff is acting in bad faith by representing that the additional conduct is newly discovered information. The merits of the proposed amended complaint will be considered. If it states a cognizable claim, the judgment will be vacated and plaintiff will be granted leave to file the amended complaint.

The facts set forth in the prior opinion will not be repeated here. Plaintiff now alleges that, on October 20, 2003, it was denied a going out of business license. Plaintiff alleges this was motivated by a discriminatory conspiracy. In a separate count, plaintiff simply cites to the Fourteenth Amendment. It is unclear if the second count simply alleges the discrimination without the additional allegation of a conspiracy or if it is based on a due process or other constitutional violation. In any event, defendants raise no objection based on the substantive

aspects of plaintiff's claims. October 20, 2003 is just less than two years prior to the filing of the original complaint. Defendants do not dispute that the allegations of the proposed amended complaint would relate back to the filing of the original complaint. <u>See</u> Fed. R. Civ. P. 15(a)(2). This aspect of the proposed amended complaint is not subject to being dismissed as untimely. Plaintiff's proposed amended complaint, however, also alleges misconduct that occurred before the last denial of a going out of business license. This includes allegations, going back more than two years prior to the filing of the original complaint, that defendants engaged in misconduct that put plaintiff out of business. The proposed amended complaint seeks damages for all this alleged conduct, not just damages caused by being denied a going out of business license. For good reason, plaintiff does not argue that it may pursue the earlier aspects of its claims based on a continuing violation theory. The discrete act of denying a going out of business license does not make timely claims based on acts occurring outside the statute of limitations. <u>National Railroad Passenger Corp. v. Morgan</u>, 536 U.S. 101, 112

(2002); Hildebrandt v. Illinois Department of Natural Resources, 347 F.3d 1014, 1036 n.18 (7th Cir. 2003). Instead, plaintiff contends defendants are estopped from raising the statute of limitations defense as to any aspect of its claims.

In the complaint, a plaintiff is not required to plead facts supporting that a defendant is estopped from raising a statute of limitations defense. See Smith v. Potter, 445 F.3d 1000, 1006 n.14 (7th Cir. 2006); Reiser v. Residential Funding Corp., 380 F.3d 1027, 1030 (7th Cir. 2004), cert. denied, 543 U.S. 1147 (2005); Tammerello v. Ameriquest Mortgage Co., 2005 WL 1323559 *2 (N.D. Ill. June 2, 2005); Anderson v. Cornejo, 199 F.R.D. 228, 252 (N.D. Ill. 2000). However, in response to a motion to dismiss based on facts alleged in the complaint supporting a statute of limitations defense--or in this case, similar objections to permitting the filing of an amended complaint--a plaintiff relying on estoppel must raise some potentially sufficient basis for estopping application of the statute of limitations. See Smith v. City of Chicago Heights, 951 F.2d 834, 838 (7th Cir. 1992); Anderson, 199 F.R.D. at 252; Combined Counties

Police Association v. Fryzel, 1998 WL 419490 *7 (N.D. Ill. July 21, 1998); Tribblet v. Sanchez, 1996 WL 364750 *3 (N.D. Ill. June 27, 1996). It need not be alleged in the complaint, but it must be sufficiently raised in response to an otherwise meritorious motion to dismiss.

In ¶ 13 of the proposed amended complaint, plaintiff alleges:

> On or about October 20, 2003 M. Zayed [a manager of plaintiff's furniture business] learned for the first time that the Village attorney Angelo DelMarto offered to condition receipt of a municipal "going out of business" license to Mara upon the waiving of the Zayed Family of their rights to sue for violation of their civil rights.

In ¶ 5 of its motion for reconsideration, plaintiff contends: "Because the Defendants conditioned a settlement of the issue of the Going out of Business License upon Plaintiff (and its owners) waiving important civil rights, the Defendants should be estopped from asserting the defense of Statute of Limitations in this matter." No case law is cited to support this conclusory contention. Plaintiff was provided an opportunity to file an additional brief in which it could have amplified on this contention, but chose not to

file an additional brief. Defendants dispute that this factual assertion states any basis for preventing defendants from invoking the statute of limitations. The asserted facts do not state any obvious basis for estopping the statute of limitations defense. On the presentation before the court, there is no basis for permitting plaintiff to again raise claims that accrued prior to October 19, 2003.

Plaintiff will be permitted to file an amended complaint, but it must be limited to the claim that plaintiff was improperly denied a going out of business license and any damages arising from that act. Also, defendant Irwin Bock, who is deceased, should not be named as a defendant. The appropriate defendant would be his estate.

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration and to amend [43] is granted in part and denied in part. The judgment entered June 2, 2006 is vacated and this case is reopened. By October 13, 2006, plaintiff shall file an amended complaint that is consistent with today's ruling. Defendants shall answer or otherwise

plead on or before October 27, 2006. A status hearing is set for November 1, 2006 at 11:00 a.m.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: SEPTEMBER 28, 2006