IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARA INTERNATIONAL FURNITURE, LLC, )
                                  )
            Plaintiff,            )
                                  )
      v.                          )   No. 05 C 6036
                                  )
VILLAGE OF HANOVER PARK,          )
SHERRY CRAIG, F/N/U MITVITT,      )
and ESTATE OF IRWIN BOCK,         )
                                  )
            Defendants.           )

## OPINION AND ORDER

Following prior rulings on defendants' motion to dismiss and plaintiff's motion for reconsideration, the only remaining claims in this case concern the denial of a going out of business license. See Mara Int'l Furniture, LLC v. Village of Hanover Park, 2006 WL 1543912 (N.D. Ill. June 1, 2006), motion for reconsideration granted in part, 2006 WL 2853894 (N.D. Ill. Sept. 28, 2006). Plaintiff Mara International Furniture, LLC claims that defendants engaged in discrimination based on the religion, ethnicity, and national origin of the family that operated plaintiff's business, a retail furniture store. The Zayed family that

managed the furniture store are Muslim Arabs, born in Egypt. Defendants allegedly engaged in discrimination when denying a going out of business license for the furniture store. Named as defendants are the Village of Hanover Park, the Estate of Irwin Bock,[1] Village Clerk Sherry Craig, and Police Officer Elizabeth Mittvick.[2]

    Defendants have moved for summary judgment. Although given ample opportunity to respond, plaintiff has not answered the motion for summary judgment. On November 14, 2007, a status hearing was held and an order was entered setting a status hearing for December 12, 2007 at which defendants were to submit their summary judgment motion, supporting brief, and other supporting papers. Plaintiff was to answer the motion by January 9, 2008. At the December 12 status hearing, defendants were not quite prepared to submit their motion. On that date, a new briefing schedule was set with defendants' motion and supporting briefs due the next day, December 13. The new response date for plaintiff was January 3, 2008. Defendants

---

[1] Bock was the Village President during the relevant time period.

[2] The Second Amended Complaint refers to Mittvick as "Mitvitt."

filed their motion on December 13. On January 9, plaintiff
filed a motion for extension of time which it failed to
notice for presentation as required by Local Rule 5.3(a).
See also N.D. Ill. Loc. R. 78.2. On January 17, plaintiff
was granted until January 23 to file its response to the
summary judgment motion. On January 22, plaintiff again
moved for an extension of time without noticing the motion
for presentation. That motion requested a 14-day extension,
which would have been until February 6, measured from the
January 23 due date.[3] On February 7, 2007, the motion was
granted allowing plaintiff until February 11 to file its
response. It was also stated in the order: "No further
extensions will be granted. If plaintiff fails to respond
by 2/11/2008, the Court will decide defendants' motion for
summary judgment without the benefit of plaintiff's
response." On February 11, counsel filed a motion to
withdraw stating that plaintiff was requesting that counsel
cease representing it and that plaintiff wanted time to
retain new counsel. This motion was denied without

---

[3]The four-sentence motion stated in part: "The
undersigned has been sick earlier in the month and has not been
able to complete the work in the response as scheduled. This
requested extension should be enough for the undersigned to
finish the response."

prejudice since it is this bench's general practice not to permit counsel to withdraw until new counsel is ready to be substituted in, especially when the party is a corporation which cannot be represented by a non-attorney.

At the time counsel moved to withdraw, no motion was filed requesting additional time to answer the summary judgment motion. Even if such a motion had been filed, it would have been denied. Plaintiff had already had sufficient time to answer the motion and it had already been ordered that no further extensions would be permitted. Also, this is not the first time that plaintiff has contributed to delay in this case nor the first time that plaintiff has changed counsel. On December 28, 2005, plaintiff's original counsel moved to withdraw and new counsel did not file an appearance until April 28, 2006. In late 2006 and early 2007, plaintiff failed to comply with discovery requests and repeatedly missed deadlines for responding to discovery. Plaintiff's then-counsel eventually moved to withdraw. On March 21, 2007, that attorney was permitted to withdraw and an out-of-state attorney was permitted to appear pro hac vice. However, it was not until July 11, 2007 that plaintiff complied with

Local Rule by also filing the appearance of local counsel. Although, at one time, discovery was to have been completed by February 28, 2007, discovery was extended until November 21, 2007 primarily, if not entirely, because of plaintiff's litigation conduct. No further extensions will be granted to respond to summary judgment. The summary judgment motion will be ruled upon without the benefit of a response from plaintiff.

When a party moves for summary judgment and the opposing party fails to respond, summary judgment ordinarily cannot be granted by default. Instead, facts are taken as true and it still must be decided if the moving party is entitled to summary judgment based on those facts. See Nabozny v. Podlesny, 92 F.3d 446, 457 n.9 (7th Cir. 1996); Johnson v. Gudmundsson, 35 F.3d 1104, 1112 (7th Cir. 1994); Glass v. Dachel, 2 F.3d 733, 739 (7th Cir. 1993); DirecTV, Inc. v. Yarbough, 2005 WL 1458216 *1 (N.D. Ill. June 15, 2005); Drewicz v. Dachis, 2001 WL 1223524 *1 (N.D. Ill. Oct. 11, 2001). Since plaintiff has not responded to the motion for summary judgment, the facts contained in defendants' Local Rule 56.1(a)(3)(A) statement will be taken as true. See N.D. Ill. Loc. R. 56.1(b)(3)(C); Smith v.

Severn, 129 F.3d 419, 425 (7th Cir. 1997); DirecTV, 2005 WL 1458216 at *1.

On summary judgment defendants raise various grounds for dismissal. Only one ground needs to be considered. Plaintiff claims that defendants violated the Constitution by discriminatorily denying an extension of the going out of business license. On the summary judgment motion, it must be taken as true that an extension was denied because (a) plaintiff failed to use a third-party contractor as had been agreed as a condition for its license, (b) plaintiff failed to file the extension application and an inventory within 14 days of the expiration of the initial going out of business license as required by the Municipal Code, (c) plaintiff failed to file a separate list of goods purchased during the 60-day period prior to the application as required by the Municipal Code, (d) plaintiff was found to have been engaging in deceptive business practices in violation of the Municipal Code, (e) plaintiff had caused a nuisance in that a fire occurred in the store's dumpster, (f) plaintiff had violated the Village's Sign Code, and (g) plaintiff's advertisements failed to include the going out of business license number and expiration date as required by Municipal

Code. On the motion for summary judgment, it must be taken as true that the extension of the going out of business license was denied for reasons other than religious, national origin, ethnic, or any other discrimination prohibited by the Constitution. Therefore, the remaining claim brought by plaintiff is without merit.

IT IS THEREFORE ORDERED that defendants' motion for summary judgment [91] is granted. The Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiff dismissing plaintiff's cause of action with prejudice.

ENTER:

/s/ William T. Hart
UNITED STATES DISTRICT JUDGE

DATED: FEBRUARY 27, 2008